UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LINDA LAGORIO,

                Plaintiff,

v.

HILTON CENTRAL SCHOOL DISTRICT,
JOE LAMARCA, DIRECTOR OF TRANSPORTATION,
Individually, and STEVE AYERS, ASSISTANT
SUPERINTENDENT, Individually,

                Defendants.

Case # 17-CV-6460-FPG

DECISION AND ORDER

## INTRODUCTION

On July 13, 2017, Plaintiff Linda Lagorio filed a complaint against Defendants Hilton Central School District, Joe LaMarca, and Steve Ayers alleging that they violated state and federal statutes and her constitutional rights when they pressed criminal charges against her with the intent to fire her for those charges. *See* ECF No. 1-1. Specifically, Lagorio alleges four claims: (1) abuse of process and (2) malicious prosecution under 42 U.S.C. § 1983 and (3) abuse of process and (4) malicious prosecution under New York law. *Id.* ¶¶ 52-71.

On November 30, 2017, Defendants moved to dismiss the Complaint. *See* ECF No. 8. Lagorio simultaneously responded to Defendants' Motion and moved for leave to amend the Complaint. *See* ECF No. 11. For the reasons stated, Defendants' Motion to Dismiss is GRANTED and Lagorio's Motion for Leave to Amend the Complaint is GRANTED IN PART.

## BACKGROUND

In 2012, Lagorio was hired as a bus monitor for HCSD. Part of her assignment in that capacity was to monitor a bus assigned with transporting students with special needs.

On October 14 and 22, 2014, Lagorio was involved in two incidents on that bus involving two students. In both, Lagorio attempted to restrain one of the students while the student misbehaved in various ways: the student used profanity, threw objects, physically struck Lagorio, and attempted to interfere with the bus driver. Police were called for both altercations and LaMarca, Lagorio's supervisor, was asked to assist on at least one.

Afterward, LaMarca and Ayers encouraged the police to charge Lagorio with a crime and falsely alleged that Lagorio physically and verbally abused the students with the intent to remove Lagorio from her position. As a result, Lagorio was arrested, charged with two counts of endangering the welfare of a child and was commanded to appear in Greece Town Court. Her case was eventually set for a bench trial at which she appeared and was found not guilty on both counts. This lawsuit followed.

## LEGAL STANDARD

A complaint will survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) when it states a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). A claim for relief is plausible when the plaintiff pleads sufficient facts that allow the Court to draw reasonable inferences that the defendant is liable for the alleged conduct. *Iqbal*, 556 U.S. at 678.

In considering the plausibility of a claim, the Court must accept factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). At the same time, the Court is not required to accord "[l]egal conclusions,

deductions, or opinions couched as factual allegations . . . a presumption of truthfulness." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (quotation marks omitted); *see also Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987) ("As we have repeatedly held, complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.").

## DISCUSSION

### I. Defendants' Motion to Dismiss Is Granted

To state a claim under § 1983, a plaintiff must allege two elements: (1) "the violation of a right secured by the Constitution and laws of the United States," and (2) that "the alleged deprivation was committed by a person acting under color of state law." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87-88 (2d Cir. 2015) (quoting *Feingold v. New York*, 366 F.3d 138, 159 (2d Cir. 2004)). Regarding the first element, a plaintiff must specifically identify what constitutional rights were violated. *Stahura-Uhl v. Iroquois Cent. Sch. Dist.*, 836 F. Supp. 2d 132, 138 (W.D.N.Y. 2011).

Here, Lagorio fails to allege what constitutional rights Defendants violated. Her first and second claims allege an abuse of process and malicious prosecution, respectively, under § 1983; the Complaint, however, does not state what constitutional violation underpins them. Consequently, those claims are dismissed.

Her third and fourth claims are dismissed because they are state law claims and the Court declines to exercise jurisdiction over them. "In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well." *Delaney v. Bank of America Corp.*, 766 F.3d 163, 170 (2d Cir. 2014) (quoting *Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998))

(internal quotation marks omitted). The "traditional values of judicial economy, convenience, fairness, and comity weigh in favor of declining to exercise supplemental jurisdiction where all federal-law claims are eliminated before trial." *Silver v. Entergy Nuclear Operations, Inc.*, No. 15-CV-1792 (CS), 2017 WL 5508387, at *10 (S.D.N.Y. Nov. 15, 2017) (quoting *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006)). Accordingly, Defendants' Motion to Dismiss the Complaint is GRANTED, and the Complaint is DISMISSED.

## II. Lagorio's Motion for Leave to Amend the Complaint Is Granted in Part

Recognizing the deficiencies in her Complaint, Lagorio moved for leave to amend it so that it properly states her four claims. *See* ECF No. 11. Under Federal Rule of Civil Procedure 15(a)(2), district courts should freely give a plaintiff leave to amend her complaint "when justice so requires." It is "within the sound discretion of the district court," however, to grant or deny leave to amend. *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018). Indeed, "[l]eave to amend may be denied 'for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.'" *Id.* (citing *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)).

### A. The Proposed Amendments to Bring Lagorio's First and Second Claims Under the Fourteenth Amendment Are Futile

In the proposed Amended Complaint, Lagorio amended her first and second claims to allege a violation of her Fourth and Fourteenth Amendment rights. *See* ECF No. 11-3 at 9-10. Defendants argue that those amendments are futile and that the claims should be dismissed. *See* ECF No. 12 at 6-10. As explained below, Defendants' argument fails as to the alleged violation of Lagorio's Fourth Amendment rights; their argument succeeds, however, with respect to the alleged violation of Lagorio's Fourteenth Amendment rights.

When a plaintiff alleges claims for malicious prosecution and abuse of process under § 1983 and the Fourth and the Fourteenth Amendments, all premised on the same facts, the claims arising under the Fourteenth Amendment must be dismissed as duplicative. *See Mazzone v. Town of Southampton*, 283 F. Supp. 3d 38, 47-48 (E.D.N.Y. 2017), *adopted in part*, No. 16-CV-4515 (JFB) (ARL), 2017 WL 6017357, at *1 (E.D.N.Y. Dec. 1, 2017). Here, the same facts underpin all four of Lagorio's claims. Consequently, the proposed amendments to the claims under the Fourteenth Amendment are futile and Lagorio's Motion for Leave to Amend her first and second claims to state claims under the Fourteenth Amendment is DENIED.

### B. The Court Grants Lagorio's Motion for Leave to Amend as to All Other Amendments in the Proposed Amended Complaint

In addition to proposing to bring her first two claims under the Fourth Amendment, Lagorio proposes a variety of other amendments to the Complaint, most of them factual. *See* ECF No. 3 ¶¶ 33-35, 39-45, 47-55, 59-60, 62, 65, 67-68, 72-76, 78, 81, 83-84, 88-92, 94. Defendants argue that these proposed amendments are futile and, therefore, the Court should deny Lagorio's Motion to Amend. *See generally* ECF No. 12. The Court disagrees.

Defendants first argue that Lagorio has failed to plead facts sufficient to defeat statutory immunity bestowed upon Defendants by New York Social Services Law § 419 and New York Educational Law §§ 1126, 1128. This argument fails.

All three sections—§§ 419, 1126, and 1128—in part grant educators immunity from civil liability for good faith reporting of suspected child abuse to authorities. *See McAvey v. Orange-Ulster BOCES*, 805 F. Supp. 2d 30, 41 (S.D.N.Y. 2011); *see also Zornberg v. North Shore Univ. Hosp.*, 815 N.Y.S.2d 719, 720 (2d Dep't 2006). A plaintiff defeats this immunity by pleading actual malice. *See Mortimer v. City of New York*, No. 15 Civ. 7186 (KPF), 2018 WL 1605982, at *27 (S.D.N.Y. Mar. 29, 2018); *see also Zornberg*, 815 N.Y.S.2d at 720. Actual malice may be

inferred by alleging that a defendant "intentionally provid[ed] false information to law enforcement authorities." *See Cardoza v. City of New York*, 29 N.Y.S.3d 330, 341 (1st Dep't 2016).

Here, Lagorio's proposed amendments are not futile. She alleges multiple instances of Defendants providing false information to law enforcement officials. *See* ECF No. 11-3 ¶¶ 39, 41-43, 45, 49. Consequently, the amendments are sufficient to eliminate the immunity granted to Defendants by §§ 419, 1126, and 1128, and thus are not futile.

Next, Defendants argue that Lagorio's proposed amendments to her abuse of process claims are futile because they do not allege a "collateral objective" as state and federal law require. Particularly, Defendants argue that, since Lagorio resigned from her position two days after her arrest, Defendants could not use Lagorio's criminal prosecution as a means to "constructively discharge" Lagorio from her position. *See* ECF No. 12 at 7-8. This argument also fails.

Whether an abuse of process claim arises under state or federal law, courts look to state law for the elements of the claim. *See Dowd v. DeMarco*, 314 F. Supp. 3d 576, 585 (S.D.N.Y. 2018). In New York, an abuse of process claims lies against "a defendant who (1) employs regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse or justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." *Id*. Regarding the third element, a plaintiff must allege that the defendant abused process to pursue a goal outside of the "legitimate ends" of the process. *See Mazzone*, 283 F. Supp. 3d at 58. For example, when a plaintiff is subject to criminal prosecution, she must allege that the defendant is seeking a goal other than her prosecution and conviction—such as economic harm, extortion, or retribution—to successfully allege an abuse of process claim. *See id*.

Here, Lagorio's proposed amendments properly allege the third element of her abuse of process claims under state and federal law. She alleges that Defendants were seeking her "constructive discharge" via her criminal prosecution, an end which is separate from her prosecution. *See* ECF No. 11-3 ¶¶ 66-68, 82-84. The law does not require that the process abused concluded and then resulted in the collateral objective; it requires only that the process was used to do harm outside of the legitimate end of that process. Defendants' argument, therefore, fails.

Third, Defendants contend that Lagorio's proposed amendments are futile in that they fail to plausibly allege three elements of a malicious prosecution claim: the first and third elements under both claims, and the requirement that Lagorio allege a violation of her Fourth Amendment rights under the § 1983 claim. Defendants' arguments fall short.

A malicious prosecution claim under § 1983 contains an element additional to those required under New York law: a violation of the plaintiff's Fourth Amendment rights. *See Manganiello v. City of New York*, 612 F.3d 149, 160-61 (2d Cir. 2010). Otherwise, the claim contains the same elements whether it is brought under state or federal law: "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Id.* at 161 (quoting *Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997), *cert. denied*, 522 U.S. 1115 (1998)) (quotation marks omitted).

Regarding the first element, both state and federal courts have found that a defendant initiates a prosecution when he falsifies evidence and provides that false evidence to law enforcement authorities to begin a prosecution of the plaintiff. *See Manganiello*, 612 F.3d at 163; *see also Torres v. Jones*, 26 N.Y.3d 742, 761 (2016). Here, Lagorio's proposed Amended Complaint alleges that Defendants provided false evidence to law enforcement authorities and

pushed them to prosecute Lagorio. *See* ECF No. 11-3 ¶¶ 41-43 (alleging that Defendants provided false information to police), 45 (alleging that Defendant LaMarca pressed charges against Lagorio). On those allegations alone, the proposed Amended Complaint satisfies the first element of Lagorio's malicious prosecution claims.

As for the third element, a plaintiff properly pleads it when she alleges that a defendant falsified evidence or acted in bad faith. *See Ying Li v. City of New York*, 246 F. Supp. 3d 578, 611-12 (E.D.N.Y. 2017); *see also Torres*, 26 N.Y.3d at 761-62. Lagorio has alleged both here. *See* ECF No. 11-3 ¶¶ 41-43, 66, 77, 82, 93.

Finally, regarding a violation of the Fourth Amendment, courts within the Circuit are split as to what circumstances constitute such a violation. In *Burg v. Gosselin*, the Second Circuit held that "the issuance of a pre-arraignment, non-felony summons requiring a later court appearance, without further restrictions, does not constitute a Fourth Amendment seizure." 591 F.3d 95, 98 (2d Cir. 2010). Three years later, in *Swartz v. Insogna*, the Second Circuit cited its own precedent in finding that a defendant who is charged criminally and must appear in court post-arraignment has suffered a Fourth Amendment injury. 704 F.3d 105, 112 (2d Cir. 2013). Subsequent trial court decisions have followed *Burg*, *Swartz*, or some combination thereof. *See Mazzone*, 283 F. Supp. 3d at 54. This Court will follow those who have reconciled the decisions and finds that a plaintiff is seized under the Fourth Amendment when she must appear in court post-arraignment for further criminal proceedings. *See id.*

In this case, the proposed Amended Complaint contains sufficient allegations to show a Fourth Amendment seizure. Lagorio alleges that she was arrested and received an appearance ticket. ECF No. 11-3 ¶ 47. She later appeared in court for a bench trial on the charges and was

acquitted, ECF No. 11-3 ¶¶ 57-60, thus properly alleging a Fourth Amendment seizure to support her claim for malicious prosecution under § 1983.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss, ECF No. 8, is GRANTED and Lagorio's Motion for Leave to Amend the Complaint, ECF No. 11, is GRANTED IN PART.

IT IS SO ORDERED.

Dated: September 19, 2018
       Rochester, New York

                                              _____
                                              HON. FRANK P. GERACI, JR.
                                              Chief Judge
                                              United States District Court